FORM B1

# United States Bankruptcy Court
## Eastern District of California
### Sacramento Division

# Voluntary Petition

| Name of Debtor (if individual, enter: Last, First, Middle):<br>**BERGE, JOHN CLAY** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names) | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>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 | Soc. Sec./Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**1341 Mulberry St #8**<br>**Chico, CA  95928** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:    **Butte** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**P.O. Box 6393**<br>**Chico, CA  95927** | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
[X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
[ ]  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|---|
| [X] Individual(s) | [ ] Railroad | |
| [ ] Corporation | [ ] Stockbroker | |
| [ ] Partnership | [ ] Commodity Broker | [X] Chapter 7      [ ] Chapter 11      [ ] Chapter 13 |
| [ ] Other _____ | | [ ] Chapter 9      [ ] Chapter 12<br>[ ] Sec. 304 - Case ancillary to foreign proceeding |

**Nature of Debts** (Check one box)
[X] Consumer/Non-Business    [ ] Business

**Filing Fee** (Check one box)
[X] Full Filing Fee attached
[ ]  Filing Fee to be paid in installments (Applicable to individuals only)
Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Chapter 11 Small Business**  (Check all boxes that apply)
[ ] Debtor is a small business as defined in 11 U.S.C. 101
[ ] Debtor is and elects to be considered a small business under 11 U.S.C. 1121(e)(optional)

**Statistical/Administrative Information**    (Estimates only)
[ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
[X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

| Estimated Assets | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Debts | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

99-30974-C-7
DEBTOR: JOHN BERGE
DEBTOR'S ATTY  M. HAYS
JUDGE  HON  C  KLEIN
TRUSTEE  J  ROBERTS
341 MEETING (Tentative Setting)
9/24/99, 08:00 AM - usb
Official meeting notice to be mailed.
CHAPTER 7  COUNTY BUTTE
RELIEF ORDERED

FILED 8/17/99 - 10:11 AM
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION              JPts

RECEIPT NO: 2-3-019273    $175

| Voluntary Petition *(This page must be completed and filed in every case)* | Name of Debtor(s): **JOHN CLAY BERGE** | FORM B1, Page 2 |
|---|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years**   *(if more than one, attach additional sheet)* | | |
|---|---|---|
| Location Where Filed: **NONE** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor**   *(if more than one, attach additional sheet)* | | |
|---|---|---|
| Name of Debtor: **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of Debtor (Corporate/Partnership)** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X  Not Applicable
Signature of Joint Debtor

Telephone Number (If not represented by attorney)
_____

Date  **8-6-99**

**Signature of Debtor (Corporate/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **Not Applicable**
Signature of Authorized Individual

**Not Applicable**
Print or Type Name of Authorized Individual

**Not Applicable**
Title of Authorized Individual

_____
Date

**Signature of Attorney**

X  *Michael O. Hays*
Signature of Attorney for Debtor(s)
 **Michael O. Hays**
Printed Name of Attorney for Debtor(s)
 **Law Offices Of Michael O. Hays**
Firm Name
 **1362 Esplanade**
Address
 **Chico, CA 95926**

 **(530)891-1396**
Telephone  *8/5/99*

Date

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

 **Not Applicable**
Printed Name of Bankruptcy Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

**Not Applicable**

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

### Exhibit A
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)
[ ] Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X  *Michael O. Hays*  *8/5/99*
Signature of Attorney for Debtor(s)       Date

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. 110; 18 U.S.C. 156.

# UNITED STATES BANKRUPTCY COURT
## Eastern District of California
### Sacramento Division

In re:    JOHN CLAY BERGE
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

Case No. _____

Chapter   7

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 0.00 | | |
| B - Personal Property | YES | 2 | $ 1,770.00 | | |
| C - Property Claimed As Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 550.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 3,756.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $ 12,231.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 1,283.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 1,334.00 |
| Total Number of sheets in ALL Schedules >> | | 13 | | | |
| Total Assets >> | | | $ 1,770.00 | | |
| Total Liabilities >> | | | | $ 16,537.00 | |

In re:    JOHN CLAY BERGE                                      Case No. _____
          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

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | 0.00 | 0.00 |

TOTAL ▸ |                          0.00 |

Schedule A - Page 1

In re:   JOHN CLAY BERGE
         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

Case No. _____

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1. Cash on hand. | Cash | | 20.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | NONE | | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | NONE | | 0.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | Miscellaneous Household Goods | | 500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | Books, Records, and Tapes | | 200.00 |
| 6. Wearing apparel. | Clothing | | 100.00 |
| 7. Furs and jewelry. | Jewelry | | 50.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | NONE | | 0.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | NONE | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | NONE | | 0.00 |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | NONE | | 0.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | NONE | | 0.00 |
| 13. Interests in partnerships or joint ventures. Itemize. | NONE | | 0.00 |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | NONE | | 0.00 |
| 15. Accounts Receivable. | NONE | | 0.00 |
| 16. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled. Give particulars. | NONE | | 0.00 |
| 17. Other liquidated debts owing debtor including tax refunds. Give details. | NONE | | 0.00 |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in the Schedule of Real Property. | NONE | | 0.00 |
| 19. Contingent and non-contingent interest in estate of a decedent, death benefit plan, life insurance policy, or trust. | NONE | | 0.00 |

Schedule B - Page 1

In re:  JOHN CLAY BERGE
        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

Case No. _____

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 20. Other contingent and unliquidated claims of any nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | NONE | | 0.00 |
| 21. Patents, copyrights, and other intellectual property. Give estimated value of each. | NONE | | 0.00 |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | NONE | | 0.00 |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | 1986 GMC S-15 Pick-up FMV $900.00 Owing $550.00 | | 900.00 |
| 24. Boats, motors, and accessories. | NONE | | 0.00 |
| 25. Aircraft and accessories. | NONE | | 0.00 |
| 26. Office equipment, furnishings, and supplies. | NONE | | 0.00 |
| 27. Machinery, fixtures, equipment, and supplies. | NONE | | 0.00 |
| 28. Inventory. | NONE | | 0.00 |
| 29. Animals. | NONE | | 0.00 |
| 30. Crops - growing or harvested. Give particulars. | NONE | | 0.00 |
| 31. Farming equipment and implements. | NONE | | 0.00 |
| 32. Farm supplies, chemicals, and feed. | NONE | | 0.00 |
| 33. Other personal property of any kind not already listed. Itemize. | NONE | | 0.00 |

TOTAL »         1,770.00

Schedule B - Page 2

In re:   JOHN CLAY BERGE                                    Case No. _____
         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

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

[ ]   11 U.S.C.  522(b)(1)       Exemptions provided in 11 U.S.C.  522(d).  Note:  These exemptions are available only in certain states.

[X]   11 U.S.C.  522(b)(2)       Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has
                                 been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day
                                 period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the
                                 interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **1986 GMC S-15 Pick-up**<br>**FMV $900.00**<br>**Owing $550.00** | C.C.P.  703.140(b)(2) | 350.00 | 900.00 |
| **Books, Records, and Tapes** | C.C.P.  703.140(b)(3) | 200.00 | 200.00 |
| **Cash** | C.C.P.  703.140(b)(5) | 20.00 | 20.00 |
| **Clothing** | C.C.P.  703.140(b)(3) | 100.00 | 100.00 |
| **Jewelry** | C.C.P.  703.140(b)(4) | 50.00 | 50.00 |
| **Miscellaneous Household Goods** | C.C.P.  703.140(b)(3) | 500.00 | 500.00 |

In re:  JOHN CLAY BERGE                                      Case No. _____
        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

## Schedule D - Creditors Holding Secured Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | CLAIM DATE, NATURE OF LIEN, DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION. IF ANY |
|---|---|---|---|---|---|---|
| ACCT. NO.<br><br>Michael O. Hays, Esq.<br>1362 Esplanade<br>Chico, CA 95926 | NO | | 1999<br>Security Agreement<br><br>1986 GMC S-15 Pick-up<br>FMV $900.00<br>Owing $550.00<br><br>VALUE $        900.00 | | 550.00 | 0.00 |

Subtotal ►  
(Total of this page)        550.00

TOTAL ►        550.00

In re:  JOHN CLAY BERGE                                    Case No. _____
        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

# Schedule E - Creditors Holding Unsecured Priority Claims

[ ]   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

# Types of Priority Claims

## [ ]   Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. 507(a)(2).

## [ ]   Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4300* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. 507(a)(3).

## [ ]   Contributions to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. 507(a)(4).

## [ ]   Certain farmers and fishermen

Claims of certain farmers and fishermen, up to $4300* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. 507(a)(5).

## [ ]   Deposits by individuals

Claims of individuals up to $1950* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. 507(a)(6).

## [ ]   Alimony, Maintenance, or Support

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. 507(a)(7).

## [X]   Taxes and Other Certain Debts Owed to Governmental Units

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. 507(a)(8).

## [ ]   Commitments to Maintain the Capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. 507 (a)(9).

## [ ]   Other Priority Debts

*Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

In re:  JOHN CLAY BERGE
      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

Case No. _____

# Schedule E - Creditors Holding Unsecured Priority Claims

## TYPE OF PRIORITY:  Taxes and other certain debts owed to governmental units

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM | CONTINGENT UNLIQUIDATED DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| ACCT. NO.<br><br>Allied Credit- Yakima<br>6565 Kimball Drive, Suite 200<br>Gig Harbor, WA  98335 | NO | | 1995<br><br>Unpaidf fines with Yakima County District Court | | 1,156.00 | 1,156.00 |
| ACCT. NO.<br><br>Yakima District Court<br>N. 2nd & E. B St.<br>Yakima, Wash  98901 | NO | | 1996<br><br>3 Civil Judgements for unpaid fines in 1996. Totals $2600.00 | | 2,600.00 | 2,600.00 |

Subtotal »
(Total of this page)  |  3,756.00

TOTAL »  |  3,756.00

Schedule E - Page 2 of 2

In re:   JOHN CLAY BERGE
        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

Case No. _____

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO. | NO | | 1997-98 | | |
| Action Collections P.O. Box 2365 Yakima, WA 98907 | | | Miscellaneous Consumer Purchases | | 400.00 |
| ACCT. NO. | NO | | 1998 | | |
| Atlas Editions 4343 Equity Drive P.O. Box 16670 Columbus, OH 43216 | | | Miscellaneous Consumer Purchases | | 50.00 |
| ACCT. NO. | NO | | 1998 | | |
| Baron & Bach Collection Division 1430 Willow Pass Rd. #250 Concord, CA 94520 | | | Miscellaneous Consumer Purchases | | 650.00 |
| ACCT. NO. | NO | | 1998 | | |
| Butte County Credit Bureau P.O. Box 7600 Chico, CA 95927 | | | Miscellaneous Consumer Purchases | | 100.00 |
| ACCT. NO. | NO | | 1998 | | |
| Columbia House 1400 N. FruitRidge Ave P.O. Box 1131 Terre Haute,IN 47811 | | | Miscellaneous Consumer Purchases | | 150.00 |
| ACCT. NO. | NO | | 1998 | | |
| FingerHut National Bank 11 McLeLand Road St. Cloud, MN 56395 | | | Miscellaneous Consumer Purchases | | 350.00 |
| ACCT. NO. | NO | | | | |
| Merchants Credit Guide 223 W. Jackson St, Suite 900 Chicago, IL 60606 | | | Duplicate collecting for Swiss Colony Debt of $172.00 from 1994 | | 0.00 |
| ACCT. NO. 2766418 | NO | | 1996 | | |
| Morgan Jewelers P.O. Box 45820 Salt Lake City, UT 84145 | | | Miscellaneous Consumer Purchases Ring | | 459.00 |
| ACCT. NO. | NO | | 1998 | | |
| PG & E P.O. Box 997300 Sacto, CA 95899 | | | Miscellaneous Consumer Purchases | | 200.00 |
| ACCT. NO. | NO | | 1998 | | |
| Richard Frey 1275 East Ave. Chico, CA 95926 | | | Miscellaneous Consumer Purchases | | 1,200.00 |

Subtotal ►
(Total of this page)                    3,559.00

Schedule F - Page 1 of 2

In re:   JOHN CLAY BERGE
         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

Case No. _____

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO.<br><br>Statewide Collections<br>585 East Ave.<br>Chico, CA  95926 | NO | | 1998<br><br>Miscellaneous Consumer Purchases collection account for Yakima Adjustment | | 1,100.00 |
| ACCT. NO. 731517037584A<br><br>Swiss Colony<br>1112 7th Ave.<br>Monroe, WI  53566 | NO | | 1994<br><br>Miscellaneous Consumer Purchases | | 172.00 |
| ACCT. NO.<br><br>Washington Mutual Bank<br>200 Broadway<br>Chico, CA  95926 | NO | | 1998<br><br>Miscellaneous Consumer Purchases | | 700.00 |
| ACCT. NO.<br><br>Wild Life Explorer<br>P.O. Box 7291<br>Pasadena, CA  91109 | NO | | 1998<br><br>Miscellaneous Consumer Purchases | | 50.00 |
| ACCT. NO.<br><br>Yakima County Credit Services<br>P.O. Box 9244<br>Yakima, WA  98909 | NO | | 1997-98<br><br>Medical Bills and various accounts | | 5,300.00 |
| ACCT. NO.<br><br>Yakima Valley Farmworkers<br>P.O. Box 190<br>Toppenish, WA  98948 | NO | | 1998<br><br>Miscellaneous Consumer Purchases | | 800.00 |
| ACCT. NO.<br><br>Yakima Valley Memorial Hospital<br>2811 Tieton Road<br>Yakima, WA 98902 | NO | | 1998<br><br>Medical Bills | | 550.00 |

Subtotal ▸
(Total of this page)   8,672.00

TOTAL ▸   12,231.00

Schedule F - Page 2 of 2

In re:   JOHN CLAY BERGE                                        Case No. _____
         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

# Schedule G - Executory Contracts and Unexpired Leases

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| NONE | |

In re:   JOHN CLAY BERGE
      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

Case No. _____

# SCHEDULE H - CODEBTORS

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| NONE | |

In re:   JOHN CLAY BERGE                           Case No. _____
         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

# Schedule I - Current Income Of Individual Debtor(s)

| Debtor's Marital Status: **Single** | DEPENDENTS OF DEBTOR AND SPOUSE | | | |
|---|---|---|---|---|
| Debtor's Age:    **28**<br>Spouse's Age: | **NAMES**<br>**NONE** | | **AGE** | **RELATIONSHIP** |
| **EMPLOYMENT:** | **DEBTOR** | | **SPOUSE** | |
| Occupation | Maintenance Supervisor | | | |
| How long employed | 4 months | | | |
| Name and Address of Employer | Beverly Manor<br>188 Cohasset Road<br>Chico, CA  95926 | | | |

Income:  (Estimate of average monthly income)

| | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $   1,763.00 | $ |
| Estimated monthly overtime | $     0.00 | $ |
| **SUBTOTAL** | $   1,763.00 | $ |
| **LESS PAYROLL DEDUCTIONS** | | |
| a.) Payroll taxes and social security | $    400.00 | $ |
| b.) Insurance | $     50.00 | $ |
| c.) Union dues | $     0.00 | $ |
| d.) Other food | $     30.00 | $ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $    480.00 | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | $   1,283.00 | $ |
| Regular income from operation of business, profession or farm (attach detailed statement) | $     0.00 | $ |
| Income from real property | $     0.00 | $ |
| Interest and dividends | $     0.00 | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $     0.00 | $ |
| Social security or other government assistance (Specify) | $     0.00 | $ |
| Pension or retirement income | $     0.00 | $ |
| Other monthly income (Specify) | $     0.00 | $ |
| **TOTAL MONTHLY INCOME** | $   1,283.00 | $ |

**TOTAL COMBINED MONTHLY INCOME      $     1,283.00**

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

NONE

Schedule I - Page 1

In re:   JOHN CLAY BERGE                                                    Case No. _____
         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

## Schedule J - Current Expenditures Of Individual Debtor(s)

[] Check this box if a joint petition is filed and debtor's spouse maintains a separate
   household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 400.00 |
|     Are real estate taxes included?   [x] Yes  [] No | | |
|     Is property insurance included?   [] Yes  [x] No | | |
| Utilities:     Electricity and heating fuel | $ | 115.00 |
|           Water and sewer | $ | 0.00 |
|           Telephone | $ | 30.00 |
|           Other: | $ | 0.00 |
| Home Maintenance (Repairs and upkeep) | $ | 0.00 |
| Food | $ | 300.00 |
| Clothing | $ | 75.00 |
| Laundry and dry cleaning | $ | 30.00 |
| Medical and dental expenses | $ | 50.00 |
| Transportation (not including car payments) | $ | 200.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 100.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments): | | |
|       Homeowner's or renter's | $ | 0.00 |
|       Life | $ | 0.00 |
|       Health | $ | 0.00 |
|       Auto | $ | 34.00 |
|       Other: | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
|  (Specify) | $ | 0.00 |
| Installment payments (In chapter 12 & 13 cases, do not list payments to be included in the plan) | | |
|       Auto | $ | 0.00 |
|       Other: | $ | 0.00 |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach stmt) | $ | 0.00 |
| Other: | $ | 0.00 |

TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)          $   1,334.00

(FOR CHAPTER 12 and 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly,
monthly, annually, or at some other regular interval.
A.  Total projected monthly income
B.  Total projected monthly expenses
C.  Excess income (A minus B)
D.  Total amount to be paid into plan

Schedule J - Page 1

In re:   JOHN CLAY BERGE                                   Case No. _____
         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

# Declaration Concerning Debtor's Schedules

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   12 sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____ 4-6-99 _____                 Signature _____
                                                      JOHN CLAY BERGE

---------------------------------------------------------------------------------------------------------------

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

### (NOT APPLICABLE)

# UNITED STATES BANKRUPTCY COURT
## Eastern District of California
### Sacramento Division

In re:  JOHN CLAY BERGE
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

Case No. _____
Chapter  7

# STATEMENT OF FINANCIAL AFFAIRS

## 1.  Income from employment or operation of business

None
[ ]

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 7,000.00 | Employment Income YTD | 1999 |
| 6,000.00 | Employment Income | 1998 |
| 4,500.00 | Employment Income | 1997 |

## 2.  Income other than from employment or operation of business

None
[X]

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 3.  Payments to creditors

None
[X]

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None
[X]

b.  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
[X]

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5.  Repossessions, foreclosures and returns

None
[X]

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 6. Assignments and receiverships

None
[X]

    a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None
[X]

    List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None
[X]

    List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None
[ ]

    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT. NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Michael O. Hays, Esq. 1362 Esplanade Chico, CA 95926 | 7/99 | $100.00 paid $550.00 owing secured with vehicle lien |

## 10. Other transfers

None
[X]

    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 11. Closed financial accounts

None
[X]

    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 12. Safe deposit boxes

None
[X]

    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 13. Setoffs

None
[X]

    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 14. Property held for another person

None
[X]

    List all property owned by another person that the debtor holds or controls.

## 15.  Prior address of debtor

None
[X]

    If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

## 16.  Nature, location and name of business

None
[ ]

    a.  If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

    b.  If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the two years immediately preceding the commencement of this case.

    c.  If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within the two years immediately preceding the commencement of this case.

| NAME AND ADDRESS | NATURE OF BUSINESS | DATES OF OPERATION BEGINNING | ENDING |
| --- | --- | --- | --- |
| none | | | |
| none | | | |

## 17.  Books, records and financial statements

None
[X]

    a.  List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

None
[X]

    b.  List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None
[X]

    c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

None
[X]

    d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

## 18.  Inventories

None
[X]

    a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None
[X]

    b.  List the name and address of the person having possession of the records of each of the two inventories reported in 18a., above.

## 19.  Current Partners, Officers, Directors and Shareholders

None
[X]

    a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None
[X]

    b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

## 20.  Former partners, officers, directors and shareholders

None
[X]

    a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

None
[X]

    b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

## 21. Withdrawals from a partnership or distributions by a corporation

None
[X]

  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.


I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  8-6-99

Signature _____
JOHN CLAY BERGE

# UNITED STATES BANKRUPTCY COURT
## Eastern District of California
### Sacramento Division

In re:   JOHN CLAY BERGE
       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

Case No. _____

Chapter  7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with repect to the property of the estate which secures those consumer debts:

    *A. Property To Be Surrendered.*

| Description of Property | Creditor's name |
|---|---|
| 1.  NONE | |

    *B. Property To Be Retained.*                                     *[Check any applicable statement.]*

| Description of property | Creditor's name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. 722 | Debt will be reaffirmed pursuant to 11 U.S.C 524(c) | Other |
|---|---|---|---|---|---|
| 1. 1986 GMC S-15 Pick-up FMV $900.00 Owing $550.00 | Michael O. Hays, Esq. | | | X | |

Date:  8-6-99

JOHN CLAY BERGE, Debtor

Individual Debtor's Statement of Intention - Page 1

# UNITED STATES BANKRUPTCY COURT
## Eastern District of California
## Sacramento Division

In re:   JOHN CLAY BERGE
      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

Case No.
Chapter  7

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1.    Pursuant to 11 U.S.C. 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above mentioned debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept                                         $    **650.00**

Prior to filing this statement, I have received                                $    **100.00**

Balance Due

                                                                 $    **550.00**

2.    The source of compensation paid to me is:

    [X] Debtor                        [ ] Other(specify)

3.    The source of compensation to be paid to me is:

    [ ] Debtor                        [X] Other(specify)      **Pink slip to secure vehicle lien for unpaid balance of $550.00 owing.**

4.    [X]  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    [ ]  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a)    Analysis of the debtor's financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under Title 11, United States Code;

    b)    Preparation and filing of any petition, schedule, statement of affairs, and other documents required by the court;

    c)    Representation of the debtor(s) at the meeting of creditors, confirmation hearing and any adjourned hearings thereof;

    d)    (Other provisions as needed)

        NONE

6.    By agreement with the debtor(s), the above disclosed fee does not include the following services:

        NONE

---

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or agreement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: _____ 8/5/99 _____

_____

Michael O. Hays, Bar No: 87440
Law Offices Of Michael O. Hays
Attorney for Debtor(s)